UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LARRY A. CUTTER, et al., | ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 5: 19-443-DCR |
| V. | ) ) | |
| ETHICON, INC., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This case involves Plaintiff Jenesta Cutter's implanted Prolift device, an allegedly defective women's pelvic mesh product, manufactured by Defendant Ethicon, Inc., a wholly owned subsidiary of Defendant Johnson & Johnson (collectively, "Ethicon"). Cutter and her husband, Larry Cutter, filed this action in 2012, and it was later transferred to the United States District Court for the Southern District of West Virginia multidistrict litigation, *In re Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation*, 2: 12-md-2327. [Record Nos. 1 and 4] The case was remanded to this Court in November of 2019 [Record Nos. 115 and 116]. The undersigned then addressed Ethicon's motion for summary judgment on January 9, 2020. [Record No. 148] In doing so, the Court found that certain personal injury, products liability, and loss of consortium claims were barred by the statute of limitations, accounting for discovery rule tolling. [*Id.* at pp. 8-14.]

On appeal, the United States Court of Appeals for the Sixth Circuit determined, *inter alia*, that when the discovery rule tolling period ended and the limitations period began for these claims is a question of fact that should be assessed by the jury. *See Cutter v. Ethicon,*

*Inc.*, No. 20-6040, 2021 WL 3754245, at *8 (6th Cir. Aug. 25, 2021). Judgment on the relevant claims was reversed, and the case was remanded for further proceedings consistent with the Sixth Circuit's opinion. *Id.* at *9.

Ethicon has now filed a motion to certify the following question to the Supreme Court of Kentucky:

> In a latent injury products liability case, does the discovery rule toll the statute of limitations where the plaintiff has actual or constructive knowledge that the product may have caused her harm?

[Record No. 184]  Ethicon asserts that the Sixth Circuit's opinion left unresolved the question of "whether constructive knowledge of a *defect* is required for the statute of limitations period to begin in a latent injury products liability case, or [whether it is] sufficient for the plaintiff to have constructive knowledge that the product caused injury."[1]  [*Id.* at p. 3 (emphasis in original).]  Ethicon further asserts that Kentucky appellate courts have not squarely addressed this question, resulting in a lack of controlling precedent on the issue.  [*Id.* at p. 4.]

The plaintiffs respond that many cases applying Kentucky law inform the proper standard, the Sixth Circuit did not determine that the precedent was so lacking that it could not address the statute of limitations issue without certifying the question, and law of the case principles counsel against certification.  [Record No. 185, pp. 2-3]  The plaintiffs also note that this case has been pending for nearly ten years and argue that it should continue to proceed to trial without the delay of certification.  [*Id.* at p. 3.]

---

[1] As explained in greater detail below, there is a meaningful distinction between "injury" and "harm" in a discovery rule tolling analysis.  The context of the motion and question presented for certification indicate that Ethicon believes that the Sixth Circuit did not address whether a plaintiff's constructive knowledge that a product caused harm, rather than injury, is sufficient to end discovery rule tolling and begin the limitations period.

Having carefully reviewed the parties briefs, the undersigned agrees with the plaintiffs that certification is not appropriate. Ethicon's principal argument is that the Sixth Circuit did not decide what ends the discovery rule tolling period and begins the limitations period. However, the appellate court's majority opinion provides clear guidance on this issue.

The majority opinion observed that Kentucky courts have applied the discovery rule to latent injury cases in which "the fact of injury or offending instrumentality is not immediately evident or discoverable with the exercise of reasonable diligence." *Cutter*, 2021 WL 3754245, at *3 (quoting *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010)). It explained that a discovery rule analysis focuses on injury, *i.e.*, "the invasion of any legally protected interest of another," or more plainly, "the wrongdoing that caused the harm," rather than harm itself, *i.e.*, "the existence of loss or detriment in fact of any kind to a person resulting from any cause." *Id.* at *4 (quoting *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712-13 (Ky. 2000)). "So regardless of when a plaintiff experienced 'harm,' a 'legally recognizable injury does not exist until the plaintiff discovers the defendant's wrongful conduct' or the fact of the misconduct becomes 'objectively ascertainable.'" *Id.* (quoting *Wiseman*, 37 S.W.3d at 713); *see also id.* at *8 ("Under Kentucky law, the statute of limitations for a cause of action based on a latent injury does not begin to run until a person knows or should know that she has been wronged . . . .") (cleaned up).

The court also observed: "*Fluke* teaches that the [statute of limitations] clock begins when a plaintiff is aware of her 'injury and of the instrumentality causing the injury,'" making awareness of both the "fact of injury" and the "offending instrumentality" necessary conditions to end tolling. *Id.* at *8 n. 3 (quoting *Fluke*, 306 S.W.3d at 64). But the majority disagreed with Judge Nalbandian's dissenting view that "a plaintiff's knowledge of injury and

knowledge of instrumentality [require] distinct inquiries." *Id.* Instead, a majority of the panel indicated that the overarching focus is on the knowledge of the injury (the wrongdoing that caused the harm).[2] *Id.* (citing *Wiseman*, 37 S.W.3d at 712-13).

Under the relevant facts of this case, there would be no wrongdoing, and thus no injury, without a defective product. Instead, there would be only unactionable harm. The majority opinion's emphasis on injury, which is grounded in Kentucky caselaw, demonstrates that Cutter's awareness of potential Prolift defects that caused her harm governs the relevant inquiry.

The Sixth Circuit's consideration of the evidence also explicitly emphasized the importance of Cutter's awareness (or lack thereof) of potential Prolift defects. Addressing what Dr. Michael Guiler informed Cutter before her first pelvic mesh revision surgery, the court found that "nothing . . . suggested that the implant was defective and was itself the cause of the harm." *Id.* at *6. After performing a second revision surgery, Dr. Van Jenkins told Cutter that "everything looked good," prompting the court to find that "[i]f a doctor advises a patient that everything looks good even though portions of the implant remain in her body, a reasonable patient could interpret that to mean that her pain was not caused by defects in the

---

[2] Judge Nalbandian, by contrast, concluded that "knowledge of either an 'injury' or an 'offending instrumentality'—a product that causes harm—is 'discovery' for limitations purposes in Kentucky. And the level of knowledge required is just enough facts to know 'that the product *may* have been a *potential* cause.'" *Cutter*, 2021 WL 3754245, at *12 (Nalbandian, J., dissenting) (emphasis in original) (internal citation omitted) (quoting *Fluke*, 306 S.W.3d at 60, 64). Alluding to this view of "offending instrumentalities," Ethicon requests clarification on whether a plaintiff's knowledge that a product may have caused her harm is sufficient to start the limitations clock. Thus, the defendant effectively seeks to ask the Supreme Court of Kentucky whether it agrees with the Sixth Circuit's majority opinion or dissenting opinion, rather than ask the state court to answer a question the majority left unresolved.

implant itself." *Id.* The court concluded that the "record contains evidence that Cutter . . . experienced pain but because of her doctors' advice, was unaware that it was attributable to defects in the Prolift." *Id.* at *7; *accord id.* ("More broadly, a reasonable jury could conclude from the evidence that [Jenesta] Sue Cutter, despite diligently investigating the harm she was suffering, reasonably believed until June 2011 that her symptoms were due to a problem with her body rather than with the *manufacture of the mesh*.") (emphasis added); *id.* ("But viewing the record in her favor, none of these medical professionals attributed her pain to a defect in the Prolift . . . .").[3]

Relatedly, some of the evidence the court found insufficient to trigger the limitations period as a matter of law was evidence that indicated the Prolift had caused the plaintiff harm without necessarily suggesting that a defect in the device had caused that harm. Dr. Jenkins and Dr. Charles Papp determined that the Prolift implant "rolled up," and Dr. Papp "thought it was 'possible' that the mesh was 'contributing to [Cutter's] symptoms.'" *Id.* at *1-2, 6. According to the majority, these physicians' opinions did not support a finding that tolling ended as a matter of law because the plaintiff understood them to mean "that her pain was being caused by the way [the mesh] was rolled up and that . . . [her] body wasn't accepting it." *See id.* at *6 (first alteration in original) (citation and internal quotation marks omitted). The fact that Cutter was on notice that the product may have contributed to or caused her pain did

---

[3] Significantly, Ethicon acknowledges that the panel "repeatedly referred to whether Ms. Cutter had knowledge that her harm was caused by a 'defect' in her Prolift device." [Record No. 184, p. 4] But Ethicon dismisses these references, arguing instead that the Sixth Circuit's opinion "leaves this Court with little clarity" about the proper standard based on two cases cited in the appellate opinion, *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402 (6th Cir. 2002), and *Johnson v. Sandoz Pharm. Corp.*, 24 F. App'x 533 (6th Cir. 2001). [Record No. 184, pp. 3-4] Notwithstanding Ethicon's interpretation of these cases, the Sixth Circuit's "repeated references" in this case provide considerable clarity on the issue.

- 5 -

not necessarily trigger the limitations period. This was so because she could have reasonably interpreted the doctors' opinions to mean that her pain was not attributable to Prolift defects. *See id.*

These passages from the majority opinion demonstrate that the Sixth Circuit has already effectively determined that the tolling/limitations period inquiry centers on when Cutter knew or should have known that the Prolift's potential defects caused her harm. And as the plaintiffs contend, the law of the case doctrine requires that the Court adhere to this determination.

The law of the case doctrine "precludes a court from reconsideration of issues 'decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)). Under this doctrine and the complimentary mandate rule, a trial court must "proceed in accordance with the mandate and law of the case as established by the appellate court" after a case is remanded. *Id.* (quoting *Hanover Ins. Co*, 105 F.3d at 312). "The trial court is required to 'implement both the letter and the spirit' of the appellate court's mandate, 'taking into account the appellate court's opinion and the circumstances it embraces.'" *Id.* (quoting *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995)).

Looking at the majority opinion in its entirety, both the letter and the spirit of the appellate court's reasoning dictate that the standard for the relevant inquiry must account for Cutter's awareness of potential Prolift defects that caused her harm.[4] The law of the case

---

[4] Ethicon frames certification as necessary to "to avoid error in instructing the jury." [Record No. 184, p. 3] The above analysis serves only to demonstrate that the Sixth Circuit has already in effect, if not explicitly, addressed the question Ethicon wants to certify. The Court will not announce an exact standard for jury instructions at this stage of the proceeding.

precludes further consideration of this issue such that certification of the question proposed by Ethicon is not appropriate.

Additionally, and alternatively, general certification considerations counsel against certifying the question proposed by Ethicon. "Whether to utilize a state court's certification procedure is a matter within the discretion of the court and is 'most appropriate when the question is new and state law is unsettled.'" *State Auto Prop. and Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015) (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). But "federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (citation and internal quotation marks omitted). Courts have also considered the interests of judicial economy when assessing whether certification is appropriate. *See*, *e.g.*, *Am. Fidelity Bank & Trust Co. v. Heimann*, 683 F.2d 999, 1002 (6th Cir. 1984); *C.A. Jones Mgmt. Grp., LLC v. Scottsdale Indem. Co.*, No. 5:13-CV-00173-TBR, 2015 WL 13022808, at *3 (W.D. Ky. July 31, 2015); *Asher v. Unarco Material Handling, Inc.*, No. 6:06–548–DCR, 2008 WL 2473680, at *5 (E.D. Ky. June 16, 2008).

The Sixth Circuit's opinion suggests a "reasonably clear and principled course" on the point of law at issue here even if the law of the case doctrine does not apply, and the court's analysis is grounded in Kentucky caselaw. Further, certification would not serve the interests of judicial economy. This case has been pending in one court or another for over nine years. The "inevitable delay inherent in the certification process" would be unreasonable at this point in the litigation, *Am. Fidelity Bank & Trust Co.*, 683 F.2d at 1002, and certification would

waste judicial resources given the guidance provided by the Sixth Circuit. In short, there is no need to certify Ethicon's proposed question to the Supreme Court of Kentucky.

Based on the foregoing analysis, it is hereby

**ORDERED** that Ethicon's motion to certify a question to the Supreme Court of Kentucky [Record No. 184] is **DENIED**.

Dated: December 1, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky